**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| DANIEL HIRAM GIBSON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Lead Case: 2:13–cv–1908–APG–VCF<br><br>**REPORT & RECOMMENDATION** |
| DANIEL HIRAM GIBSON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Member Case: 2:13–cv–2271–APG–VCF |

This consolidated matter involves Plaintiff Daniel Hiram Gibson's appeal from Defendant Carolyn W. Colvin's final decision denying Gibson's social security benefits. (Compl. (#3) at 1–2[1]). Before the court is Gibson's motion for reversal and remand (#30). The Commissioner of the Social Security Administration filed an opposition (#31) and cross motion for affirmance (#32). For the reasons stated below, the court recommends denying Gibson's motion to remand and granting the Commissioner's motion for affirmance.

**STANDARD OF REVIEW**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected

---
[1] Parenthetical citations refer to the court's docket and administrative record.

property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. The court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

/// /// ///

/// /// ///

/// /// ///

/// /// ///

**DISCUSSION**

The court recommends denying Gibson's motion to remand for three reasons. First, Local Rule 7-2 provides, "[a]ll motions . . . shall be supported by a memorandum of points and authorities. [. . .] The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion." LR 7-2(a), (d). Here, Gibson's motion to remand is not supported by any points and authorities. (*See generally* Doc. #30). In full, Gibson's motion reads: "COMES NOW, Petitioner, Daniel Hiram Gibson, in proper person, and submits the following Opening Brief in Support of his/her Petition for Judicial Review." (*Id*. at 1:26 –28). *See also Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (citing *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994) (stating that courts cannot "manufacture arguments" for litigants)).

Second, the exhibits Gibson filed with the court indicate that his grievance is not directed at the Social Security Administration. Gibson filed a supplement in the consolidated action, *Gibson v. Commissioner of Social Security*, No. 13–cv–2271 (D. Nev. Dec. 13, 2013). The supplement contains (1) a receipt for stamps, (2) a letter from the United States Department of State, denying his passport application, and (3) a billing statement from California's Health and Human Services Agency for past due child support. (*See generally* Doc. #12).

Third, the court has reviewed Administrative Law Judge Evelyn M. Gunn's decision and determined that Judge Gunn followed the prescribed five-step procedure and supported her conclusions with "more than a mere scintilla" of evidence. *Richardson*, 402 U.S. at 401; (*see also* Admin. Rec. at 25–38); *Washington*, 350 F.3d at 929 (citation omitted) (stating that courts cannot "manufacture arguments" for litigants)).

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Daniel Hiram Gibson's motion to remand (#30) be DENIED.

IT IS FURTHER RECOMMENDED that the Administration's cross-motion to affirm (#32) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 15th day of July, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE